## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

T. R. Lamb

v.

Seaboard Citizens National Bank

October 12, 1967

Case No. (Law) 10,323

By JUDGE GEORGE W. VAKOS

In the above case, defendant filed a motion to quash service of process and a plea in abatement and was heard by the court on plaintiff's motion to overrule these motions.

For the purpose of hearing the motions, counsel for both parties agreed to stipulate that the defendant, a national banking corporation, was organized under the laws of the United States, was doing business in the State of Virginia and the City of Virginia Beach, had no registered agent and service in the above action was by posting a copy of the notice on the front door of the residence maintained in Virginia Beach by the then president of defendant bank.

The motions filed by the defendant presented two questions, i.e. whether defendant is a foreign or domestic corporation and whether service of process was valid. It was stipulated by counsel that Seaboard Citizens National Bank was organized under the laws of the United States and not the State of Virginia and it had no registered agent in the State of Virginia. It is the opinion of the court that since the defendant corporation was not created under the laws of this state, it is a foreign corporation and subject to the requirements as set forth in Section 8-60 of the Code of Virginia, 1950, as amended, which provides that where a foreign corporation conducts affairs in this state with no registered agent, process

or notice may be served on any agent of such corporation in the city or county in which he resides or in which his place of business is or on the Clerk of the State Corporation Commission. Section 8-65 of the Code of Virginia, 1950, as amended in 1966, provides that the method of service on any person as agent for a foreign corporation other than the Clerk of the State Corporation Commission "shall be by delivering to him a copy of the process or notice in the county or city wherein he resides or his place of business is or the registered office of the corporation is located and the return shall show this, and state on whom and when the service was; otherwise it shall not be valid." This clearly sets forth the mode of service on a foreign corporation and precludes any other form of service.

Since the service was made by posting the notice on the door of the residence of an officer of the defendant corporation, it is my opinion that it is not valid; therefore, the defendant's motion to quash is granted.

Although the question presented by defendant's plea in abatement is now moot, I am of the opinion that the defendant's contention that service of process must be in the City where the defendant's principal office is located is without merit in view of the stipulated fact that the defendant maintains offices and in fact is doing business in the City of Virginia Beach.